# Motion 28 U.S.C § 2255
## To Vacate, SET ASIDE, or Correct by a Federal person In Federal Custody

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | **District** Western – Southern Div., |
|---|---|
| **Name** (under which you were convicted): Martnus Antuan Sayles | **Docket of Case No:** 12-CR-03036-DGK-1 |
| **Place of Confinement** Hazelton -FCI | **Prisoner No:** 18168045 |
| **Movant** Martinus Anton Sayles **V.** | **United States of America** |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: Western District of Missouri Southern Division 222 N. John Q Hammon Parkway; Springfield, Missouri 65806

(b) Criminal docket or case number (if you know): 12-Cr-03036-DGK-1

2. (a) Date of the judgment of conviction (if you know): May 27, 2012

(b) Date of sentencing: April 3, 2013

3. Length of sentence: 85 Months

4. Nature of crime (all counts): Conspiracy to commit Wire Fraud

5. (a) What was your plea: (Check one)

(1) Not guilty (2) ✓ Guilty (3) Nolo contendere (no contest)

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? I pled guilty to one count of Conspiracy to Committ Wire Fraud 18 USC § 1343 and 1349

6. If you went to trial, what kind of trial did you have? (Check one) Jury (Judge Only)

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes (No)

8. Did you appeal from the judgment of conviction? (Yes) No

9. If you did appeal, answer the following:
(a) Name of court: U.S. Court of Appeals for the 8th Circuit

(b) Docket or case number (if you know): 13-1874

(c) Result: Affirmed

(d) Date of result (if you know): June 6, 2014

(e) Citation of the case (if you know): ______

(f) Grounds raised: ______

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes (No)
If "Yes," answer the following:
(1) Docket or case number (if you know): ______

(2) Result: ______

(3) Date of result (if you know): ______

(4) Citation to the case (if you know): ______

(5) Grounds raised: ______

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes (No)

11. If your answer to Question 10 was "Yes," give the following information:

(a)(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes No

(7) Result: N/A

(8) Date of result (if you know): N/A

(b) If you file any second motion, petition, or application, give the same information:

(1) Name of court: N/A

(2) Docket of case number (if you know): N/A

(3) Date of filing (if you know): N/A

(4) Nature of the proceeding: N/A

(5) Grounds raised: ____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
Yes No

(7) Result: N/A

(8) Date of result (if you know): ____________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition Yes **No** (circled)

(2) Second petition Yes **No** (circled)

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

SEE ATTACHED PAPERS SPECIFYING Ground ONE

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment or conviction, did you raise this issue?
Yes ~~No~~ (No circled)

(2) If you did not raise this issue in your direct appeal, explain why: Because I didnot Know I could and counsel didnot tell me or explain to me I could raise this issue. For counsel took up on his own accord to choose what grounds to raise.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes No (circled)

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes No (circled)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes No (circled)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
Yes No

# Ground One:

Ineffective Assistance of Counsel

On April 3rd, 2013 at sentencing, counsel didnot argue the following facts of Sayles's involvement, with Failure to investigate, and his role in this alleged charge.

Before the investigation of the PSR that was conducted by Presentence Investigator Claudia Allison, counsel was given "two letters" on 2 seperate occassions from his client that were from the co-defendant, Maurice Anton Sutton Sayles. These letters clearly held significant weight for Sayles's nvolvement in this alleged crime, which was minor, if any. The information given to counsel was proof, showing, Sayles's co-defendant, sent Sayles two letters indicating, him to take the case to its entirety and he would financially nake it stable for me while I was imprisoned for however long the district court imposed, upon the defendant. Counsel Knew of these two letters which ould have been informative regarding the defendant's role/involvement, which would had not given or led to a substantial likelihood of an upward departure and/or variance, or it wouldnot had been as significant, for the district court would had been made aware of these two letters, if counsel would had produced this information as evidence he could had a suppression hearing nvolving all evidence against Sayles, and since counsel didnot do so, Sayles was not informed he could go to trial to prove his innocence or recieve a lesser charge or sentence.

These letters was shared with the government by counsel which then eversed the managerial role to the co-defendant.

Counsel never investigated further if I had recruited anyone by feeding, clothing, and offering room and board for individuals, for individuals Sayles didnot Know that was implied in the indictment. Counsel should have contested the authencity and thoroughness of the statements made against his client in the discovery. Such as statement made by Mr Greg Tando," defendant Moody had been a guest at his house in May 2011," Tando informed officers; discrediting Michael's statement as to him stating that Sayles was at a pool party at Mr Greg Tando's residence. Counsel should have investigated and interviewed relevant participants and witnesses, alleged participants, and should had considered hiring a "forensic specialist" on lifting for fingerprints, and looking at survalence cameras. Moody's statement is in my discovery which should have been investigated and Greg Tando's statement in PSR (pg. 79) Counsel should had investigated the accuracy of all statesments about his Client's involvement.

The original meaning of the Sixth Amendment which gives a criminal defendant the right to be confronted w/ the witnesses against him. Counsel shown 35% percent of effectiveness due to limited resources, heavy case loads, lack of time, no funding for the investigator to thoroughly investigate the case, etc, this not given the defendant a full 100% legal representation. . . For example; In a meeting with Mr Ian A. Lewis, Sayles brought to his attention for the second time that Greg Tando / Arvest Bank (Superior Bank at the time) could not had attributed to the loss of $1,465- if the account had been closed since 2002, so how can he had loss anything, was my statement (argued in court - about that amount). If Sayles would had not brought this to counsel's attention, when it is the duty of effective counsel and/or investigator working for the counsel to dissect the findings of the PSIR, it would have never came to light. Failing to argue that amount and in addition counsel didnot argue for "a changed amount in intended loss" due to other amounts being excluded in the PSIR (like Ms. Mollica amounts). The amount was $1,838.03 which the victim was not violently harmed any way. The amount of 5,990 should had been rectified in district court to $1,838.03 since the "intended loss" had changed to an "actual loss" dramatically, because of one victim having a loss that was $1,838.03.
Counsel failed to bring to the judges attention that loss should be considered, directing the district court to weigh things that bear on on culpability."

The failure of the facts that the court should have looked into the defendants motive. whether it meant to cause economic harm, or was the defendant trying to save a business, or shift some risk to an insurance company. Counsel never argued the fact that this was a simple forgery case, not no economic scheme to get rich or destroy the economy in which past cases extracts millions from there victims and receive less time - For example; money laundering, embezzlement, and tax evasion that have taken millions of dollars (but of course with 100% legal representation - effective counsel), which this concluded to only, but under $2000.

Furthermore, counsel's failure to "explain" to Sayles in intricate detail what "interstate commerce" was and what it had to do with the meaning of a simple check writing". Counsel had agreed on his own behalf without consulting with his client (Sayles) at sentencing, when the government ask my counsel, you still agree this is still an interstate commerce," Sayles had no idea as to what his counsel had agreed to with the government at sentencing. Clearly if Sayles had known the definition that surrounded interstate commerce" Sayles would had not pled guilty, till he finally understood the wording in his indictment.

If, and this is a fact, "Sayles background shows multiple forgeries wouldn't those warrant as something as to "interstate Commerce" of wire fraud. (Fact) Sayles would have or could have been in federal prison long ago at 18, if Sayles's forgeries produced the same actions, but they did not, for its just a simple forgery wasting tax payers money at a federal level.

(Fact) Counsel's ineffectiveness showed when he did not bring to the district courts attention, that half of the american people who has or that are involved in forgery cases would have turned federal due to the definition of "Interstate Commerce." That would exceed the population of federal prisons that are and with economic crimes. Sayles has no violence that is located in his Criminal history that could warrant an upward of any kind for in several cases that had been ruled on by the district court in the 8th Circuit of 2013 has similiarities to Sayles's case that was sent back to be resentence under the same if not similiar provision Sayles's case has in his at this moment.

Claim of ineffective assistance of counsel for failing to investigate and present mitigation evidence.

If the district court had been aware of the available mitigating evidence and introduced at sentencing, there is a reasonable probability that a different sentence would had been rendered.

1) Failure to argue against the district courts upward variance / departure

Sayles was sentenced to 85 months due to upward varied statue 4A1.3(a)(1) and a 13 level enhancement was thrived off of Sayles's criminal history which imposes no violence in Sayles PSR. The United States Sentencing Guidelines Range Table stops counting criminal history pionts at 13, evidence by the district court's own statement on record, the district court fully intended to use 4A1.3(a)(1) law to upwardly depart in Sayles's case.

While not on record, the district court was reminded that the court must give notice of its intent to depart from the USSG, in which it failed to give.

If the district court had followed through wanting a departure based upon criminal history, the district court would have been forced to follow the U.S.S.G statue procedure for determining a proper sentence. The U.S.S.G statue that was used states, "In a case which the district court believes an upward VARiances is supported by the evidence, and the defendant is already in category VI" the court should struture the departure moving incremently down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guidelines range appropriate for the case.

The district court would had to justify a 13 level enhancement and Sayles's counsel never argued the factors for the district court to give reasons as to the 4A1.3(a)(1); however to justify the actual 85 month sentence the district court would have / should have given before rendering an 85 month Sentence.

Counsel's failure to argue such after the district court had even given this sentence causes ineffectiveness. The Court stated, "the greater the variance from the advisory guidelines range, the greater the justification must be for the variance. Yes, the district court may have gotten around the anaylsis proscribed in the Chapter 4 departure of U.S.S.G, Counsel should have argued that they had to state for the record why an extra ordinary sentence is justifed under extraordinary circumstances, in court and he did Not which he waited for the Appeal process.

Sayles's Sentense is 85 months, more than 5 times the lowend of the guidelines and almost 4 times the high end of Sayles's orignal base level which WAS 15-21 months that is [illegible] Sayles offense

Counsel allowed the district court to give vague reasons at Sentencing as it rendered an 85 month sentence. Sayles's Criminal history lacks any violence of any kind. The district court stated "protecting the public is one reason." Sayles's history has No violent conduct or even any drug / alcohol, that would seem justified for an upward variance which is more than 5 times the low end of 15-21 months U.S.S.G range.

Counsel stated in my appeal brief "If Sayles's were contemplating financial harm, wouldn't that be better rectified by Sayles's restitution payments, which will not begin for 85 months.

Counsel failed to argue; that the district court had calculated my Guidelines, at 27-33 before the district court struck such enhancements putting Sayles's at 15-21 months, but then the district court surprised the defense by varying upward and did an upward departure / variance under 4A1.3(a)(1) enhancement and rendered a 13 level enhancement without considering the amount of loss and giving no explanation and/or no reason for the justified upward.

Counsel should have argued that the court proceedings diverted back to the criminal history which opposed once again NO nature of valuable voilence to warrant a departure or variance from the United States Sentencing Guidelines. Counsel never stated in open court "That the district court said this is a conspiracy that concern him since it involve people working toward a common goal," and again this could not warrant an upward departure or variance, failure to do so shows ineffectiveness for a restitution of one victim $1838.03.

For example – A defendant who assaults other's during a fight, for example, may warrant more punishment if he injuries ten people than if he injuries one, but his conduct does not necassarily warrant ten times the punishment. If it did, many of the simplest offenses, for reasons that are often fortuitous, would lead to Sentences of life imprisonment sentences that neither just deserts nor crime control theories of punishment would justify."

Once again this couldnot warrant an upward departure or variance and since not only would the United States Sentencing Guidelines take into consideration that the offense is a conspiracy, there is nothing peculiar about the conspiracy, it contains No violence, involving No drugs or guns or a child porngraphy case and to that it wasNot a get rich scheme, it was Not the idea of such (mean) even though it is a crime [illegible] a high 13 level enhancement with no explanation or reason and it wasNot put on record

IN open Court, for counsel failed to argue the fact that without reasons to justify a 13 level enhancement, which diffendtely shows failed legal representation.

2)

Failure to adequately investigate Sayles's Mental Health

Sayles, asserts that he was diagnosed with paranoia schizophrenia, multiple personality disorder, PTSD, manic depression, bipolar disorder emotional distress, anxiety, and other disorders. These disorders which causes Sayles to engage in such acts because of Sayles's differing from fantasy to reality in which Sayles sometimes cannot decipher "disproportionate to the situation at hand."

Sayles feels, Since the district court varied upward from the guidelines sentence, by a significant amount, based solely on a likelihood of events in Sayles's PSIR, his counsel should have investigated Sayles's mental health, specifically these conditions, and presented the information to the court as a means of mitigating Sayles sentence. Also, Sayles asserts that this information would have assisted in the district court's evaluation of his need of treatment as opposed to incarceration when the district court considered the U.S.S.G.

Counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecassary, in the context of a claim of ineffective assistance with regard to mental health experts and past record.

For the record counsel was made aware of Sayles's possible mental health issues at least as early as receipt of the PSIR which provides:

Sayles's PSIR states very vague issues on his mental health history, but Sayles has been diagnosed with several disorder multiple personality disorder (MPD), paranoia schizophrenia, manic depression, among other things explained above. These disorders stem from Sayles's childhood as a result to Sayles's not Knowing the difference between fantasy and reality. Sayles's have been on multiple medications that has been prescribed to him since childhood, but changed throughout the years such as; zoloft, buspar, imipramine, prozac, depakote, Seroqual XR, celexa, and [illegible] Sayles [illegible] of mental and

emotional distress that should have been discussed in further detail in a mental investigation in which counsel did not do when further investigation was necassary.

Sayles had explained to the presentence Investigator that he wanted to be a female among other things he had discussed with the presentence investigator that he would feel more accepted that way. Sayles mental health background stems from multiple, emotional, mental, verbal, and Sexual abuse right along with physical abuse which triggers more of a fantasy world, Sayles's see's on how he deals with reality, as he tries deal with his mental disorders.

Counsel made a decision not to present Sayles's mental health issues as evidence without even seeking any of Sayles's prior mental health records but merely relying on the information that the district court found in the PSIR and information reported to him by his client.

Counsel didnot have a sufficient record upon which to make this allegedly strategic decision, this is especially true when the PSIR itself indicates that the information relating Sayles's mental health is vague. Without seeing Sayles's mental health records counsel could not make an informed decision about how Sayles's issues would affect the district court decisions regarding either mitigating/mitigation or the possibility for treatment as opposed to adequately given Sayles imprisonment. Counsel performed INeffectively by failing to adequately investigate Sayles's mental health status prior to makeng a strategic decision to not present mental health evidence at Sayles's sentencing hearing.

If counsel had investigated Sayles's mental health issues more fully and presented it to the district court it would probably had led to a substantial likelihood that the district court upward variance / departure in Sayles's case may not have been quite significant, because the district court would have Known Sayles's extensive mental health history was probably relevant to his criminal history.

Counsel had performed unaccurately and deficiently by failing to investigate Sayles's mental health issues further and that there was prejudiced by such failure

In Addition to counsels failure on Sayles's mental health, counsel at sentencing did not mitigate a memorandum on Sayles's psychological issues that could support a more lenient sentence than what had been imposed upon the defendant.

3) Failure to investigate witnesses statements and not allowing defendant to confront witnesses against him.

When Sayles had informed his counsel that the statements made against him were not true and that were fabricated by several people while defendant was serving a term of 10 months in the Bureau of Prisons, however this investigation of alleged scheme of statements were fabricated at length. After consulting with my defense attorney (FPD) letting him Know Mr Moody's statement is a total lie and uneffortly untrue in the discovery; counsel should have contest such statements in open court so that I can face my accuser per Amendment Six, (allow defendant to confront witnesses against him).

Mr Michael Moody's statement was not creditable and neither was Mr Maurice Sayles. Mr Greg Tando informed police that "Moody had been a guest in his home in May 2011," verses Moody's statement in the discovery. That "Sayles was at Mr Greg Tando's house for a pool party." Right along with Mr Maurice Sayles and a few others allegedlly involved statements.

Counsel failed to contest the thoroughlness of the co-defendants and witnesses statement, made by these co-defendant and others; furthermore, I had informed my counsel that I was serving a prison term, so it would had been impossible for me to recruite, feed, supply room and board from a prison cell with No financial assets; However Sayles came to reside in Springfield, Mo area October 29, 2010 and only have been a resident for 8 months 26 days which constantly Alpha House was my residence for 5 months (Halfway House 2 months at 4112 s Fort Ave Springfield, Mo; 1 month at the Halfway House again 26 days in Halfway House as well give or take. (June to July 24 2011)

Counsel had been informed that I Knew NONE of these people in which he had shown me pictures of... The investigation that he could have done by contested the valueness of the statements would had shown proof that my involvement was not NONE of a conspiracy.

Defendant Knew Mr Maurice Sayles because we are brothers, and Mr Moody for a relationship had occurred between the defendant and Mr. Moody.

I constantly informed that the fabrication of myself recruiting among other things was untrue and simply uncommon for the defendant to entertain, and counsel should have investigated the statements and witnesses, when counsel could have proven that the statements made by these individuals were plain out lies and foolish because they cannot act responsible enough to take care of they're own consequences

Counsel failed to investigate and detail the circumstances at hand by NOT, Interviewing relevant participants, and witnesses; NOT considering a forensic specialist for reasons to lift fingerprints, also he failed to investigate other alleged participants that could have given the defense attorney (FPD) exactly a better outlook on his clients case. Not representing his client sufficient and inadequately due to not contesting the thoroughness and authencity of the statements shows ineffectiveness assistance on the be half of counsel

It so states in the Sixth Amendment, which gives a criminal defendant the right "to be confronted with the witnesses against him" which was and has Violated the Sixth Amendment of the constitution, by violating this it will show ineffectiveness on counsels part when he denied me the right to contest and confront the witnesses which made such statements against his very client.

4.) Failure to present evidence

Counsel was given "two letters" on 2 seperate occassions, what detailed specifically what the Co-defendant wanted his client to do. Counsel received these letters during the proceedings of the Presentence Investigation, that was taking place. The letters obtained statements that the co-defendant wanted to have Counsels client take the case to its entirety and that he would financially see to it that Counsels client would be financially stable while he did the prison term of what the district court had imposed.

When counsel failed to do so he failed to represent his client to the fullest as he was appionted to do so that could have made the outcome of his client's case more reasonable. By the client turning over such information to his trusted legal representation it showed that Sayles's counsel was not representing him too the fullest of what the American Bar Association intends for Public Defenders to do that are representing a Federal client facing charges.

Such evidence could have mitigated a different outcome by the district court had counsel present evidence of what the co defendant wanted counsel's client to do for the reason of him being irresponsible in not taking his own acceptance of the alleged charge.

(6) If your answer to question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:______________________

Docket case number (if you know):______________________

Date of the court's decision:______________________

Result: (attach a copy of the court's opinion or order if available):______________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:______________________

**GROUND TWO:** Right to Advance Notice of upward departure and/or variance

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

SEE ATTACHED PAPERS SPECIFYING Ground TWO

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment or conviction, did you raise this issue?
Yes (No) [circled]

(2) If you did not raise this issue in your direct appeal, explain why: I'M Not sure if this issue was raised I cannot be for certain, (IF NOT I DIDNOT Know I could counsel raised it I don't Know))

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes (No) [circled]

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:______________________

Name and location of the court where the motion or petition was filed:______________________

Ground Two: "The right to advance notice" of an upward departure and / or upward variance

At sentencing, Sayles counsel "did nothing to oppose" the district court enhancement, for the right to (and) advance notice of an upward departure / upward variance. Sayles had asked for a sentence within the U.S.S.G range and the district court asked for the high end of 21 months of the U.S.S.G, but right before that the district court implicated such by stating:

"First, this defendant has a horrible criminal history. Its a category six." (then it skips down to) I'm not asking for an upward departure in this case but I think facts would justify an upward departure if the Court were so inclined but I am asking for a sentence at the very high end of the applicable range of 21 months" (St trans pg 13-14)

The district court went on to say (Sent trans, pg 15) In his conclusion, the thing that's really sad about this is I don't think the guidelines really are propably all not adequate but I'm a firm believer in the guidelines. I've always believed that the guidelines make the (guidelines) best effort we possibly can make as a society to approximate punishment so no one is punished more severely than other people. But I think that this individual after we give him whatever time you give him, whether it's 21 months or 31 months or 15 months or what ever you give him, he's going to do it again because his history tells us that's what he does. And so at the very least give him a sentence that gets him off the street for a significant period of time, that allows peace of the society so we don't have to worry about him doing this for that period of time.

The district court then stated that it was going to depart, clearly the district court planned to use a guidelines under 4A1.3(a)(1) right after the district court had agreed to strike down two enhancements, with that 4B1.3. In the above statement made by the district court it is clearly read that it shows evidence that the goverment implied such departure but previously stated he is not asking for one, then went on to imply such sentences and applicable wording that would fuel the decision for an upward departure.

Even though Counsel did a brief bench conference (sidebar) the district court was informed that notice would have to be given if the district court wished

to depart from the Guidelines.

The district court rephrased its "sua sponte" as a variance to avoid the notice of requirement, but used and noted "This is really more of a variance, I guess we should say, because you are entitled to notice of departure, but they both really fit well in your case."

This was more of an upward departure not an variance or a in-clusion of both.

The district court didnot give Sayles advance warning that they intended to depart upward from the recommended United States Sentencing Guidelines range based on Sayles's Criminal history in his PSR. Although defendants don't have a categorical right to be warned about every possible upward variance, " a sentencing judge must follow a procedure that gives defendants a good reasonable opportunity to respond that precludes the possibility of "prejudicial surprise"

The facts or issues on which the district relied on came as a surprise and that the defense representation to the court was prejudiced by that surprise.

As the district court stated on record with its own statement as evidence the district court fully intended to use U.S.S.G § 4A1.3(a)(1) to upwardly depart. While not on record, the district court was reminded that the court must give notice of its intent to depart from the U.S.S.G, of which it had failed to give.

This situation here fits with that exception because the district court's "sua sponte" reliance on "extraneous information" both surprised and prejudiced Mr. Sayles and it also denied, Sayles, a meaningful opportunity to respond to the surprise of an upward departure and/or upward variance

The district court then varied from the guidelines range with a 13 level enhancement which is once again 5 times greater than the low end of Sayles original base level offense which is 15-21 months.

Docket or case number (if you know):______________________________

Date of the court's decision:______________________________

Result (attach a copy of the court's opinion or order, if available):______________________________

(3) Did you receive a hearing on your motion, petition, or application?
Yes No (circled: No)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes No (circled: No)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
Yes No

(6) If your answer to question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:______________________________

Docket case number (if you know):______________________________

Date of the court's decision:______________________________

Result: (attach a copy of the court's opinion or order if available):______________________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:______________________________

**GROUND THREE:** Inaccurate Information in the PSR

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

SEE ATTACHED PAPERS SPECIFYING Ground Three

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment or conviction, did you raise this issue?
Yes ~~No~~ (No circled)

(2) If you did not raise this issue in your direct appeal, explain why: I didnot think I could but my Federal Public Defender failed too. I don't understand to much, on how I could had.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes (No circled)

(2) If your answer to Question (c)(1) is "Yes", state:
Type of motion or petition:______

Name and location of the court where the motion or petition was filed:______

Docket or case number (if you know):______

Date of the court's decision:______

Result (attach a copy of the court's opinion or order, if available):______

(3) Did you receive a hearing on your motion, petition, or application?
Yes (No circled)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes (No circled)

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
Yes No

(6) If your answer to question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:______

Docket case number (if you know):______

Date of the court's decision:______

Result: (attach a copy of the court's opinion or order if available):______

Ground Three:
Inaccurate Information in the PSR

The district court stated, "The longest sentence you've ever received is a seven-year sentence," In which Sayles's never served that amount in none of his prior convictions. The wrongful "misreading" by the district court for the sole purpose to render a higher sentence outside the Guidelines. The fact is that Sayles's 5year probation and 7yrs suspendend imposition of Sentence, which was clearly an completion of probation, a Barton County, Lamar, Mo. It was successfully terminated, probation, not a prison term.
The district read dismissed charges and vacated convictions to render a higher sentence.
Sayles never served a seven-year sentence, inaccurate information that had been "misread" by the district court, the defense never examined such part, in Sayles PSR. This inaccurate information and since the PSI is not evidence, specific findings of fact as to disputed issues of fact or guideline and researched information must be carefully reviewed.

The district court utilized and relied off a state conviction that was inaccurately read to render a higher sentence, using the PSR state convictions as evidence to which the district court specified one that was 7years served which was misinterpreted as the district court read through the PSR was "misread" and used as evidence to sentence the defendant, Martinus Sayles.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:__________

**GROUND FOUR:** Substantively Unreasonable Sentence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

SEE ATTACHED PAPERS SPECIFYING Ground Four

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment or conviction, did you raise this issue?
Yes (circled) No

(2) If you did not raise this issue in your direct appeal, explain why:__________

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes No (circled)

(2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition:__________
Name and location of the court where the motion or petition was filed:__________

Docket or case number (if you know):__________

Date of the court's decision:__________

Result (attach a copy of the court's opinion or order, if available):__________

(3) Did you receive a hearing on your motion, petition, or application?
Yes No (circled)

(4) Did you appeal from the denial of your motion, petition, or application?
Yes No (circled)

Ground Four: Substantively Unreasonable Sentence

Sayles was sentenced on April 3, 2013, Sayles with counsel successfully had the two enhancements struck down after the analysis was brought to the district court by Sayles's counsel, which recalculated Sayles's U.S.S.G range to 15 to 21 months.
he district court, sua sponte, varied upward rendering a sentence of 85 nonths and a additionally imposing a three year term of supervised elease to follow imprisonment
he district court failed to justify any grounds for a high upward variance nd therefore imposed an Substantively unreasonable sentence that is reater than necessary and substantively unreasonable in violation of 8 U.S.C. § 3553(a). Even though the court is free to impose any sentence hat is reasonable after consideration of the sentencing criteria numerated at 18 U.S.C. § 3553(a) 543 U.S. 220 (2005)
Jpon the factors of 3553(a) that guides the purpose of sentencing is limiting one: the district court must impose a sentence that is "sufficient, ut not greater than necessary" to satisfy the statutory goals of sentencing. he district court must still consider the advisory guideline range, but may ary to a range that "tailor the sentence in light of the other statutory oncerns" of U.S.C. § 3553(a). Id at 245-46
By the court not stating in open court the reasons for its imposition of he particular sentence and extra ordinary sentence that is based t the restitution of $1,838.03 is not a severe amount to render uch an high sentence. Being that Sayles criminal history conduct shows ultiple of the same/similar circumstances it wouldnot warrant such a entence such as 85 months. Sayles has no violent history of any type drugs/alcohol, guns, Nothing that would be privy to render such n unreasonable sentence
his case was not a get rich scheme, but just simply looking for a ay to make money to pay bills, pay for other things. This WEREN't ways o get rich simply a scheme that was just of the amount oppose to her cases that embezzle, money launder, do tax evasion, mortgage fraud c., involve Millions of dollars and just because they have funds to tain appropriate Legal counsel and receive sentences lower than, this volvement of amount which is little and can be repaid in the course months, could [illegible] 4A1.3(a)(1)

is clearly what it states.
The district court focused solely on Sayles's criminal history, which had already been recounted in his PSR. With all of these allusions of § 3553(a) Factors, there isn't any way the district court justify what amounts to be a sua sponte 13 level increase for Sayles's base offense level. However, the substantively unreasonable sentence must justify its findings
The district court varied from the U.S.S.G range, the sentence can be reasonable "if the district court 'offers appropriate justification under the factors specified in 3553(a)'" The amount of variance upward is very substantial, therefore, the justification must be very substantial, but it was never explained or put on record.
Sayles's criminal history category may be six, but it may show that Sayles's has an history, but Sayles's contains No violence of any kind nor caused economic harm to the economy. It hardly warrants such an unreasonable sentence that is 13 levels 5-times the low end and 4 times the Highend.
For such variance as the district court say, still failed to justify any reason for such an upward has to be significantly great and so shall the reason, but it was not given nor was it justifiable.

A sentence imposed outside the applicable United States Sentencing guidelines must be justified for the reason it gave a sentence outside the guidelines. Especially if it shows clearly erroneous circumstance. However as a result of an incorrect application of the Guidelines must be reversed; even if it is considered reasonable.

By the district court re-phrasing its sua sponte action as a variance" to avoid the notice requirement but noted "they both really fit well in Sayles's case." Since the district intended to do such, departing from the guidelines by using 4A1.3(a)(1) it is clearly that the courts ~~[illegible]~~ intended to do a rendering sentence that was substantively unreasonable. Sayles's criminal history has been focused on entirely throughout the court proceedings. No factor of amount was focused on which was very little. U.S.S.G 4A1.3(a)(4)(B) states that in a case in which the district court believes an upward variance is supported by the evidence and the defendant is already a Category VI "the court should structure the departure by moving incrementally down the Sentencing table to the next higher offense level in Criminal History Category VI

until it finds a guideline range appropriate to the case."
With the substantively unreasonable sentence, the district court should had justified the 13 level enhancement to Sayles's base level before it had to hand down or render a 85 month sentence.
Such sentence is far greater than the low end which is 5 times the original base level offense and 4 times almost the high end proscribed for Sayles in the U.S.S.G
The district court gave vague reasons for its sentence. Sayles is lacking any violent conduct nor drugs/alcohol of any Kind. The district court states "protecting the public is one reason, however, if the district court was comtemplating harm of financial reason, wouldn't it be better rectified by restitution payments, which will not begin for eighty-five months as it stands now
The district court then takes and states "this case is a conspiracy that concerns him that since it involves multiple individuals working toward a common goal", however this hardly is Not enough to warrant an upward since not only would the U.S.S.G take into consideration that the offense is a conspiracy, there is certainly nothing peculiar about this specific conspiracy that it would set it off from others.
There was "No physical harm" to anyone, it involved a low number of people, and at the end, for Sayles's part the conspiracy only netted a very low amount, which evidences how "small" the conspiracy actually and truly was
Furthermore, just because Sayles committed that same or similar offense in the past it does not allow the district court to forget that Sayles's crime was non-violent, nor related to drug trafficking or any other night-marish offense.
This being said, the district court cannot justify a sentence that is akin to a sentence from bank robbery, or possession of child pornography or any other myriad of offenses that have caused physical harm to victims and committed night-marish offense.
The district court stated that Sayles would benefit from this to and that is the reason why Ten years wasnot imposed; pursuant to 3E1.1 Acceptance of responsibility is given and calculated into the Presentence Report "if the defendant solely under the discretion of his/her own accepts the responsibility of his and/or her actions, pursuant to 3E1.1 should be added".
Sayles's said that he did want this over with, because of the district court stating that "I played no games and came and accepted responsibility" in a reasonable manner not wasting time with the district court. Furthermore, The district court has three opitions and three

motions it can give for mitigation up to five pionts, "not including" the two pionts generally given for plea disposition and acceptance of responsibility, pursuant to U.S.S.G 3E1.1.
The district court focused on the criminal history and given this extra-ordinary sentence, There must be more of a justification as to the substantively unreasonable sentence, given.

Ground Five: Abuse of discretion

The district court abused its decision-making when it rendered an unreasonable sentence by "sua sponte" varying upward and rendering an 85 month sentence violating 18 U.S.C. § 3553(a).
Sayles's base level offense was 15-21 months Category VI of the USSG range, previously, Sayles's base level offense began at 27-33 months before counsel argued that that the enhancements should not able to apply. Recalculating Sayles's offense to a base levell of 7 in Category VI of 15-21 months.
By the courts failing to justify any grounds for a high end upward variance and therefore imposing an 85 month sentence that was greater than necessary and substantively unreasonable in which the district court had to give reason as to the purpose of applying an upward as high, of 13 levels.
As fact, evidence by the district court on record, had intended to depart in Sayles case by using 4A1.3(a)(1), when it is clearly an departure.
Sayles may have an indeed extensive criminal history, which was admitted at sentencing. However, while Sayles's criminal history category number may have been high, it must not be forgotten that there all non-violent.
The seriousness of Sayles's criminal history carries No violence, No physical harm was implied, No drugs/alcohol were in the criminal history.
Even though the U.S.S.G took into consideration all of Sayles criminal history and fashioned a sentence based upon a criminal history category VI.
The district court attempted to rectify what it felt was an error by the U.S.S.G. Mr. Sayles criminal history pionts were 26 in his previous federal case, that rendered a 30 month sentence, by Sayles criminal history pionts in this federal case being 2pts more bringing it to 28 shows NO change of the criminal history category which was used in 2006 to sentence/calculate Sayles, in the Western district of Missouri.
The USSG table stops counting criminal history pionts at 13. As evidenced by the district court's own statement on the record the district court fully intended to use § 4A1.3(a)(1) to upwardly depart in this case.

When the court was not on record, the court was reminded that the district court must give notice of it intent to depart from the U.S.S.G range, of which it had fail to give.
While on record the district court states that "'the departure language is related to a likelihood the defendant will commit other crimes" and 'that the district court's sentence' "really more of a variance, I guess we should say, because you're entitled to some notice of depature, but they really fit well in your case.'"
U.S.S.G §4A1.3(a)(4)(B) states that in a case in which the district court believes an upward variance is supported by the evidence, and the defendant is already a Category VI, " The district court should structure the departure by moving uncrementally down the sentencing table to the next higher offense level in Criminal History Guideline Category VI until it finds a guidline range appropriate to the case."
On such an high (5 times the low end of Sayles proscribed U.S.S.G. range) upward variance the court would had to justify a 13 level enhancement on Sayles's base level offense before it would have been able to render an 85 month sentence.
U.S.S.G § 3553(a) helps to guide its discretion and to help aviod excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary.
Consequently, district courts are required to properly calculate and consider the guidelines when sentencing, even in a advisory guideline system 18 U.S.C. § 3553(a)4, a(5)

Ground Six:

Counsel
Failure to adequately investigate Sayles's involvement

Sayles was appionted counsel by the court which accompanied him to represent him in these proceedings of an alleged crime that Sayles was charged with, in the indictment Sayles was charged with one count of the indictment conspiracy to commit wire fraud.
Sayles counsel shown no interest in investigating his involvement of the allege conspiracy he was charged with and supposively involved in. While informing his counsel of such information that could have lead to his involvement of not being a part of this alleged offense in which he was charged.
Sayles was apprehended by the U.S Marshals at someone's residence other than his own for a violation of supervision - not completing Residential Re-entry Community Center - Federal Halfway House, Alpha House in July 2011.
Sayles informed his counsel that he was incarcerated in July 2011 because of his violation for non-completion of the "Residential Re entry Community" center, he had to have seen this in my PSR; However, Sayles was in Saint Claire County Jail in Osceola, Mo awaiting the outcome of his violation in Kansas City, Mo. Sayles was sentenced to 10 months in September by the district court in Kansas City, Mo, he was then transported several weeks later into BOP custody til an US Marshal hold was placed on him in April of 2012 when his release date was May 25, 2012. Sayles was then placed in custody of the U.S. Marshals the 26th of April, transported to Greene County Jail, Springfield, Mo. Which he was taken in front of a magistrate a day later for arraignment. By Sayles being on a writ he could not receive the appropriate hearing for a bond til, May 25, 2012, his release from the custody of the bureau of prisons.
After meeting with his counsel, Sayles had informed him of him not Knowing of such events that these co-defendants stated he was a part of, indeed Sayles Knew Michael Moody which he met on Craiglist and fabricated in his profile that he was 22 years old, and I Knew Maurice Sayles because he is my twin brother.
Indeed the sayles' brother's talk because there family but it doesn't mean I can control what he does or say, he has an individual

In several Meetings and through correspondences maybe, counsel was nformed that just because he was around his brother sometimes and around his boyfriend (at the time) Michael Moody, doesn't place Sayles in the onspiracy.
Sayles had informed his counsel to check the times of these events, when they happened and where?

The district court stated this, "I think you were still on supervision when hey caught you with this, or when you were alleged to - or when you did commit these offenses." "Was he still on Supervision?" Counsel spoke saying, Yes, your honor." (Sent trans pg20 line 10-15) Counsel had agreed, but didnot have a clue if his client was involved in what way or how got involved. The time of this Conspiracy was or had came about had nothing to do with Sayles. He may carry cordial conversations about everyday occurences with his codefendants, and knew of such through conversation doesn't place sayles in a conspiracy.
Even though the conspiracy started allegedlly in March 2011 on the 31st day, With dates of April 2, 2011; May 25, 2011; June 11, 2011; June 14, 2011 June 16, 2011; June 16, 2011; and August 3, 2011 which include unknown people Sayles didnot know, when counsel showed me pictures of Maurice Sayles friends, while in the county jail in June of 2012. The statements made by the unknown individuals and his codefendants were all lies, fabricated statements, in which I had told My counsel that he needed to contest them n open court
Sayles had informed his counsel that he was incarcerated while either of these, people, co-defendants continued in the spree of what likely have you of check writing, because I haven't received any family assistance nor financial gain from this alleged scheme that were committed. Sayles was serving a federal prison term of 10 months for a Supervision violation in 2011 til US Marshal placed n hold on Sayles preventing him from being released in May of 2012 n the 25th day, in which the fabricated contridicting statements made by individuals for the purpose of implicating Sayles because he was already in prison and that to be able to receive a lenient sentence y initiating my well being in to the scheme, due to my chemistry of past crime, doesn't give the statements that were falsely made d authentic [illegible] Sayles's criminal history. Statements that are falsified in circumstances "mislead" to falsely be

Case 6:15-cv-03289-DGK Document 1 Filed 06/25/15 Page 31 of 37

made, written, recorded, etc. out of fear from the co-defendants simply is an act of irresponsibility of implicating an innocent individual in to scheme to reap benefits of being let go, recieving a lienent sentence, or just simply throwing/shifting the blame. They were caught and Sayles had stated numerous times to his counsel to investigate the statements and question the witnesses. Sayles orchestrated nothing and even though he Knows what there doing doesn't necessarily prove he was conspiring, to caution this situation Sayles were simply gossiping through phone conversations, thats when Sayles found out about these EVENTS, while incarcerated at the federal Correctional Institute - Seagoville in Segoville, TX. Sayles Never not one time alter Identification for the purpose of individuals to pass forged checks, or altered checks. Sayles' plead guilty because he was "mislead" "wrongfully" by counsel and he wanted to get it over with due to his incarceration in which he had came from to face charges of the alleged crime. Sayles did not voluntarily, intentionally or Knowingly conspire and agree with others to commit the offense of wire fraud.

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue on appeal?
Yes No

(6) If your answer to question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket case number (if you know): N/A

Date of the court's decision: N/A

Result: (attach a copy of the court's opinion or order if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N/A

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: ATTACKING on Guidelines Sentence - Punishment was increased due to Prior state conv[illegible] due to a new court decision where as Federal Prisoners whose Punishments were increased under the USSG on basis of Prior STATE conviction may use to challenge their sentence when the State Priors are vacated due to "exceptional circumstances." Reason why I'm not raising [illegible] because I cannot look at my PSR to determine - (Cuevas v. United States, 2015 BL 35024 1st cir., No 14-1296 2/11/2015)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? (Yes) No

If "Yes," state the name and location of the court, the docket or case number, the type or proceeding, and the issues raised: United States District Court; 80 LAFAYETTE STREET, Suite 1212; Jefferson City, Mo 65101; 12-cr-03036-DGK; Petition; Application of Amendment 782 to the Sentencing Guidelines

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea: Ian A. Lewis; 901 St Louis ST, STE 801; Springfield, Missouri 65806

(c) At trial:

(d) At sentencing: Ian A. Lewis, 901 St. Louis St, Ste 801 Springfield Mo 65806

(e) On appeal: Ian A. Lewis, 901 ST Louis ST, STE 801, Springfield, Mo 65806

(f) In any post-conviction proceeding: ______

(g) On appeal from any ruling against you in a post-conviction proceeding: ______

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes (No)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes (No)

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: ______

(b) Give the date of the other sentence was imposed: N/A

(c) Give the length of the other sentence: N/A

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes No

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitation as contained in 28 U.S.C § 2255 does not bar your motion.* (see below) Judgement on which the judgement of conviction becomes final 28 U.S.C § 2255 (F)(1)

"When this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari." If a federal prisoner does not file a petition for certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires."

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period limitations shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

______________________________________________

Therefore, Movant asks that the Court grant the following relief: See ATTACHED SHEET

or any other relief to which movant is entitled.

______________________
Signature of Attorney (if any)

I, declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on June, 12 2015 (month, date, year).

Executed (signed) on June 11, 2015 (date)

Martinus J. Lay
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. ______________________________________________



Case 6:15-cv-03289-DGK Document 1 Filed 06/25/15 Page 35 of 37

Therefore, Movant asks that the Court grant the following relief

On the grounds that are sufficiently adequate for proper relief under Section 28 U.S.C § 2255 to reduce the movant sentence to a reasonable but satisfactorial just sentence that will still please and respect the district court, also remand it back for resentencing. to correct my sentence

Furthermore, Movant asks that the Courts grant the following relief due to counsels Inadequate failure to investigate further in Movants Mental Health History; Failure to investigate involvement; Failure to allow defendant to confront witnesses against him; Right to advance Notice of any departure which defendant should have been given Meaningful opportunity to respond; and Substantively unreasonable Sentence

Respectfully
Martinus D. Sayles
Signature of Movant

Martinus A Sayles

⇔18168-045⇔
Martinus Sayles
PO BOX 5000
Bruceton Mills, WV 26525
United States

#18168045

RECEIVED
2015 JUN 25 PM 12:0
CLERK, U.S. DIST. COURT
WEST. DIST. OF MO
KANSAS CITY, MO

UNITED STATES POSTAL SERVICE

USPS TRACKING #

9114 9999 4423 8625 3279 82

LAB400R Aug. 2013
7690-17-000-0669

Legal Mail
6/22/2015

Part 1 of Motion

ATTN: CLERK,
United States District
for the Western District

For Domestic Use Only

UNITED STATES POSTAL SERVICE

PRIORITY ★ MAIL ★

TRACKED ★ ★ ★ INSURED

Label 107

⇔18168-045⇔
U S District Court
Clerk for the Western Dis
400 E 9TH ST
Kansas CITY, MO 64106
United States