# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MARTINUS ANTUAN SAYLES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 15-CV-3289-S-DGK-P |
| ) | (Crim. No. 12-CR-3036-S-DGK-1) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant Martinus Antuan Sayles ("Sayles") pled guilty to two drug-related charges. He now files an amended motion to vacate, set aside, or correct his sentence (Doc. 12) against Respondent ("the Government"). For the reasons below, the Court DENIES the motion without an evidentiary hearing and DENIES a certificate of appealability.

## Background[1]

Along with his twin brother, Sayles "engaged in a scheme whereby [he] would steal checks, forge checks, purchase merchandise, then return the merchandise for cash." *United States v. Sayles*, 754 F.3d 564, 566 (8th Cir. 2014). A grand jury indicted him for conspiracy to commit wire fraud.

In advising Sayles, his attorney promised him that "he would receive a guideline range" after pleading guilty, a range that "would cap at 21-months" (Doc. 12 at 10). Sayles decided to plead guilty.

---

[1] The facts in this section derive from: (1) Sayles's record admissions, and (2) the allegations in his motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Sayles to relief, the Court denies him an evidentiary hearing. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

Sayles pled guilty without a written plea agreement before United States Magistrate Judge James C. England. At that hearing, Judge England advised Sayles that the maximum prison sentence for his charge was twenty years (Crim. Doc. 50 at 3). The judge asked Sayles, "Do you understand that the final decision as to how those guidelines are calculated and ultimately what sentence will be imposed rests with the District Judge?" (*Id.* at 5). Sayles answered yes. Judge England then warned him, "Once the judge does establish the guideline range, in some circumstances, you could be sentenced above that range, and in other circumstances, below that range." (*Id.*). Sayles affirmed his understanding of that possibility as well. Notwithstanding, he elected to go ahead with his guilty plea.

At sentencing, the Court varied upward and sentenced Sayles to eighty-five months' imprisonment. Sayles appealed, unsuccessfully. *Sayles*, 754 F.3d 564.

## Discussion

A district court may vacate a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Sayles's sole ground for relief concerns the Sixth Amendment right to effective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Sayles claims that his attorney was constitutionally ineffective for telling him he would receive no more than twenty-one months' imprisonment, when he ended up receiving eighty-five months.

To establish that counsel's assistance was so ineffective that it deprived the petitioner of his Sixth Amendment rights, he must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. Both prongs of the *Strickland* test must be satisfied to obtain relief; if Sayles fails to establish prejudice, then the court need not analyze whether counsel was deficient. *See id.* at 697.

"In order to satisfy the prejudice prong of the *Strickland* test in the guilty plea context, a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (footnote omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.*

The record refutes Sayles's claim that his attorney unconstitutionally prejudiced him. He claims that his attorney told him that "he would receive a guideline range" after pleading guilty, a range that "would cap at 21-months" (Doc. 12 at 10). However, at the change-of-plea hearing, Judge England warned Sayles that he could receive up to twenty years' imprisonment, and that the Court could give him any sentence within that range, regardless of what the Sentencing Guidelines recommended. Even assuming that Sayles's attorney neglected to tell him the possibilities at sentencing—or told him inaccurate information—the magistrate judge told him everything he needed to know. Therefore, there is no substantial likelihood that, had his *attorney* also told him these things, Sayles would have pled not guilty and exercised his right to trial. *See Watson*, 682 F.3d at 745.[2] The Court denies Sayles's § 2255 motion in its entirety.[3]

Because no reasonable jurist would grant any part of this motion, the Court denies Sayles a certificate of appealability. *See Tennard v. Dretke*, 542 U.S. 274, 276 (2004); 28 U.S.C. §§ 2255, 2253(c)(2).

---

[2] Sayles also claims that his attorney failed to advise him of the collateral consequences of his plea. The only "collateral consequence" Sayles identifies is his term of incarceration. Because that consequence is direct, not collateral, his claim fails on this ground as well. *See United States v. Amerson*, 599 F.3d 854, 855 (8th Cir. 2010).

[3] Sayles seeks alternative relief through 28 U.S.C. § 2241 and the writs of audita querela and coram nobis. He wholly fails to demonstrate his eligibility for relief under these avenues. Therefore, the Court analyzes Sayles's motion under § 2255 only. *See* Fed. R. Civ. P. 7(b)(1)(B); *see also United States v. Little*, 608 F.2d 296, 299 & n.5 (8th Cir. 1979).

## Conclusion

Because Sayles's claim is refuted by the record, his Motion to Vacate, Set Aside, or Correct Judgment Pursuant to 28 U.S.C. § 2255 (Doc. 12) is DENIED. A certificate of appealability is DENIED in all respects.

**IT IS SO ORDERED.**

Date:  February 12, 2016                               /s/ Greg Kays
                                                                         GREG KAYS, CHIEF JUDGE
                                                                         UNITED STATES DISTRICT COURT